In the Matter of the Application of JOHN M. PROPHET, SR., and Other Stockholders of THE KURLASH COMPANY, INC., Appellants, to Review the Election of Five Directors of Said Corporation, Claimed to Have Been Chosen at the Meeting of THE KURLASH COMPANY, INC., Held May 9, 1932. WILLIAM R. TUTTLE and Others, Respondents.

Fourth Department, November 10, 1932.

*Ernest C. Whitbeck*, for the appellants.

*Eugene J. Dwyer*, for the respondents.

PER CURIAM. An application under section 25 of the General Corporation Law for an order setting aside an election of directors of the domestic corporation Kurlash Company, Inc., and directing a new election has been denied, resulting in this appeal. The controversy was presented to the learned Special Term in the form of affidavits only, no oral proof having been given. The petitioners were denied relief upon the ground that the ownership of stock could not be determined in this proceeding, but resort must be had to an action in equity. Said section 25 was derived from former section 32, as amended by chapter 650 of the Laws of 1929. And while the wording of section 32 was changed we find nothing to indicate that the same broad, supervisory powers over corporation elections were not intended to be retained in the Supreme Court. The status of stockholders as such may be inquired into in this proceeding (*Matter of Ringler & Co.*, 204 N. Y. 30; *Strong* v. *Smith*,

15 Hun, 222; affd., 80 N. Y. 637), and nothing to the contrary is held in *Matter of Clarke, Inc.* (186 App. Div. 216), or *Matter of Utica Fire Alarm Tel. Co.* (115 id. 821). The claim set forth by petitioners was based upon inference more than upon statements of known facts. However, respondents' affidavits show that corporate stock in a substantial amount had been issued at less than par value to stockholders who voted for directors not in accord with petitioners at the stockholders' meeting. And whether or not such stock was treasury stock does not appear. (See Stock Corp. Law, § 69.) Other claims as to voting rights deserve attention.

We conclude that upon the record as a whole the interests of justice require that the order appealed from should be reversed as as a matter of discretion and the proceeding be remitted to the Special Term for a further hearing whereat additional testimony, oral or in writing, may be presented. Costs to appellants to abide the final award of costs.

All concur.

Order reversed in the exercise of discretion, with costs to appellants to abide the event, and matter remitted to the Special Term for further proceedings in accordance with the opinion.